Robert C. Grau, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, finding that he is a sexual predator. We affirm.
On May 25, 1995, appellant was indicted on eight counts of rape, a violation of R.C. 2907.02. The victim is appellant's daughter and she was between eight and ten years old at the time of the offenses. On August 10, 1995, appellant pled guilty to one count of rape and the court entered a nolle prosequi for the other seven counts of the indictment. The trial court accepted appellant's guilty plea and sentenced him to serve seven to twenty-five years in prison.
While still serving his sentence, a sexual predator hearing for appellant was held on March 16, 1999. At the conclusion of the hearing, the court held that appellant was a sexual predator. The court journalized its determination with an entry filed on March 16, 1999. Appellant appeals this determination and presents the following assignment of error:
 The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code.
Appellant argues in his assignment of error that there was insufficient evidence to support a finding that he is a sexual predator. We disagree.
A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2) (a through j). An appellate court in reviewing a finding that the appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard.State v. Worthy (Nov. 12, 1999), Franklin App. No. 99AP-260, unreported (1999 Opinions 4959, 4961).
 * * * Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, unreported (1999 Opinions 1694, 1697-1698), following CincinnatiBar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122.
In the present case, the state presented evidence that appellant had pled guilty to a sexually oriented offense. Appellant had previously pled guilty to rape, which is defined as a "sexually oriented offense" pursuant to R.C. 2950.01(D)(1). The state also presented evidence concerning appellant's likelihood to engage in the future in one or more sexually oriented offenses by introducing: (1) a copy of appellant's sentencing entry; (2) a copy of the victim's hospital report; (3) a transcript of appellant's sentencing hearing; and (4) a copy of appellant's postconviction investigation report.
A review of the evidence shows that the victim was ten years old at the time of the occurrence of the sexually oriented offense for which appellant was sentenced to serve seven to twenty-five years in prison. R.C. 2950.01(B)(2)(c). The evidence also shows that appellant was the victim's father and that he frequently engaged in sexual conduct with the victim over a number of years, demonstrating a pattern of abuse by appellant towards the victim. R.C. 2950.01(B)(2)(i). When questioned by the authorities concerning the victim's allegations of sexual abuse, appellant claimed that the victim had "been sexually oriented since age 4." Appellant even stated that "a couple times a month," the victim "would have her hand and mouth on his private part. He stated he would make her stop."
We have recently restated our position concerning offenders who have committed sexual abuse with young children:
 "* * * The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. * * *"
State v. Henderson (Sep. 28, 1999), Franklin App. No. 98AP-1591, unreported (1999 Opinions 3905, 3909) quoting State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (1998 Opinions 368, 374-375). Additionally, since appellant engaged in sexual conduct with his daughter, given the deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children, the trial court could properly conclude that appellant's compulsion to commit these kinds of sexual offenses was deeply ingrained and that he was likely to reoffend. Henderson, at 3909, following State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported (1998 Opinions 4961, 4966).
Accordingly, after having reviewed the record, we find that more than sufficient evidence was presented showing that appellant is a sexual predator. The age of the victim combined with appellant's family relationship with the victim demonstrates that the risk of recidivism is considerable. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK and KENNEDY, JJ., concur.